CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Dennis Price, Esq., SBN 279082
Russell Handy, Esq., SBN 195058
8033 Linda Vista Rd, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
russ @ potterhandy.com
    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Belen Acevedo**, <br><br>    Plaintiff, <br><br> v. <br><br> **C & S Plaza Limited Liability Company,** a California Limited Liability Company; <br> **Fabric Outlet And Crafts, Inc.**, a California Corporation. <br><br>    Defendants. | **Case**: 8:20-cv-01153-DOC(JDEx) <br><br> **Plaintiff's Opposition to the Defense Motion to Dismiss the First Amended Complaint** <br><br> Date:  October 19, 2020 <br> Time:  8:30 a.m. <br> Ctrm:  9D <br><br> Honorable David O. Carter |

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

    I.    Preliminary statement ............................................................................. 1

    II.   Defendants jurisdictional challenge is premature and improperly framed as a factual challenge under Rule 12(b)(1). ................................................................................................... 1

    III.  Although it is premature for this Court to rule on the merits of the claims, it should be noted that the defense motion lacks any evidentiary support. ................................................. 6

    IV.  Conclusion .............................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Augustine v. United States*,
    704 F.2d 1074 (9th Cir. 1983) ..............................................................4

*Careau Grp. v. United Farm Workers of Am., AFL-CIO*,
    940 F.2d 1291 (9th Cir. 1991) ............................................................4

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) ................6

*Johnson v. Hernandez*,
    69 F.Supp.3d 1030 (E.D. Cal. 2014) ............................................. 4, 5

*Johnson v. SSR Group, Inc.*,
    2016 WL 3669994 (N.D. Cal. 2016) ..................................................5

*Kohler v. Islands Restaurants, LP*,
    956 F. Supp. 2d 1170 (S.D. Cal. 2013) ..............................................7

*Leite v. Crane Co.*,
    749 F.3d 1117 (9th Cir. 2014) ...........................................................4

*Robert v. Corrothers*,
    812 F.2d 1173 (9th Cir. 1987) ...................................................... 3, 4

*Rosales v. United States*,
    824 F.2d 799 (9th Cir. 1987) ........................................................ 3, 4

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) ...........................................................3

*Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.*,
    711 F.2d 138 (9th Cir. 1983) ....................................................... 1, 3

## I. Preliminary statement

Less than 3 months into the lawsuit—and a mere three weeks after the amended complaint was filed—and before the scheduling conference has even taken place—the defendants have moved for dismissal under Rule 12(b)(1) arguing the actual merits of the case before plaintiff has had any opportunity to conduct discovery. This motion is objectionable, premature and must be denied.

## II. Defendants jurisdictional challenge is premature and improperly framed as a factual challenge under Rule 12(b)(1).

Defendants argues that this Court lacks subject matter jurisdiction and that the case is moot because "Defendant's store aisles have been ADA compliant from 1998 to the present."[1] In fact, the defense boldly argues that: "The Complaint is meritless because none of the violations alleged by Plaintiff (a multiple and serial ADA Plaintiff) existed at any time before, during or after her visit to Defendants' business location, and an inspection by a certified CASp inspector found no ADA aisle width violations as alleged by Plaintiff."[2]

On its face, it is implausible that a district court would not enjoy subject-matter jurisdiction over a claim brought under the federal Americans with Disabilities Act. In fact, dismissal for lack of subject matter jurisdiction in a case premised on federal-question jurisdiction is "exceptional."[3] Here, Defendants' "exceptional" challenge is merely that

---

[1] Defense Motion (Docket Entry 19), p. 2, lines 5-9.
[2] Defense Motion (Docket Entry 19), p. 2, lines 12-16.
[3] *Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.*, 711 F.2d 138, 140 (9th Cir. 1983).

the ADA claim lacks merit. As discussed below, this argument is premature and would be improperly decided in a 12(b)(1) challenge.

Defendants motion to dismiss for lack of jurisdiction is based on the claim that the Defendants' merchandise aisles have always been complaint, that the plaintiff is wrong, that her complaint lacks merit and, therefore, there is nothing for this Court to enjoin under the federal claim. While it is appropriate in certain circumstances to bring a motion under Federal Rule of Civil Procedure 12(b)(1) introducing extrinsic facts and challenging federal court jurisdiction, it is not appropriate in the present case with the present motion.

The problem with Defendants' motion is that the very question this Court needs to address in determining whether it has jurisdiction is the same question that must be answered to determine the merits of the case and whether Acevedo can prove her claims. In this case, Acevedo alleges that when she went to the defendant's store on June 25, 2019, she "could not gain access to the numerous areas of the store because the path of travel in an throughout the merchandise aisles was so cramped, narrow and stocked with items that she could not proceed to merchandise."[4] Specifically, she alleged that the defendants violated the ADA because there were "14 different locations where the path of travel through the merchandise aisles measured less than 23 inches, running from 12 to 23 inches in width"[5] and this violated sections 402 and 403 of the ADA Standards.[6] If that is true, Acevedo can prevail and obtain an injunction. If that is wrong, Acevedo loses. That is the case. The ultimate question in this case is whether Defendants' interior paths of travel comply with

---

[4] FAC (Docket Entry 13), ¶ 12.
[5] FAC (Docket Entry 13), ¶ 13.
[6] FAC (Docket Entry 13), ¶ 23.

accessibility laws. Defendants, however, asks this Court to answer that very question in determining whether it has jurisdiction. This is improper.

The Ninth Circuit has cautioned that courts should not apply Federal Rule of Civil Procedure 12(b)(1) standards when, as it is here, the issue of jurisdiction is intertwined with the merits of a claim.[7] As one court framed it: "The relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction in a case . . . where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'"[8] It is inappropriate and premature to require a plaintiff to prove up the merits of his case at the pleading stage, just to prove jurisdiction:

> [I]f the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law . . . . Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier of fact.
>
> [*Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).]

---

[7] *Sun Valley Gasoline*, 711 F.2d at 139-40; *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[8] *Robert v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (internal cites omitted).

Thus, "A district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, *if the jurisdictional facts are not intertwined with the merits*."[9]

It is true that a court normally not need accept the complaint allegations as true when there is a *factual* attack on jurisdiction under Rule 12(b)(1).[10] But the court must treat a factual attack under Rule 12(b)(1) differently "when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim."[11] This occurs where the jurisdictional question "is dependent on the resolution of factual issues going to the merits."[12] Consider the case of *Johnson v. Hernandez*,[13] where the district court denied an almost identical defense motion.

In short, where the jurisdictional facts are intertwined with the merits, a Rule 56 "summary judgment standard" applies.[14] Defendants can and should bring its claims in the form of a Rule 56 motion. Simply put, this Court should not dismiss the action at this juncture because the jurisdictional analysis is coextensive with the merits of Acevedo's ADA claim and a factual dispute exists as to the alleged corrections. And it would be unfair to convert the present motion to a Rule 56 motion, given that discovery has not even begun, this case is at its earliest stages, and plaintiff desires to have an expert site inspection under Rule 34 to assess

---

[9] *Rosales*, 824 F.2d at 803 (emphasis added).
[10] *Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th Cir. 2014).
[11] *Leite*, 749 F.3d at 1122 n.3.
[12] *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).
[13] *Johnson v. Hernandez*, 69 F.Supp.3d 1030 (E.D. Cal. 2014).
[14] *Roberts*, 812 F.2d at 1177; *Careau Grp. v. United Farm Workers of Am., AFL-CIO*, 940 F.2d 1291, 1293 (9th Cir. 1991).

the accessibility of the business. Magistrate Judge Maria-Elena James also denied a motion on almost identical grounds.[15]

If notice had been given that a Rule 56 motion was being brought, Acevedo would file a 56(d) declaration. Acevedo respectfully requests this Court consider adopting the holding of the *Johnson* court:

> "In ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment ...." *Augustine*, 704 F.2d at 1077. Converting the instant Motion to one for summary judgment would be premature because Plaintiff has not yet had the opportunity to engage in discovery and thus has not had the opportunity to develop the evidence he may need to rebut Defendants' "facts." Accordingly, Defendants' Motion to Dismiss for lack of jurisdiction is DENIED without prejudice to raising this argument in a properly noticed and appropriately timed motion for summary judgment.
>
> [*Acevedo*, 69 F. Supp. 3d at 1035.]

Simply put, Defendants needs to permit Acevedo to conduct a site inspection and some basic discovery and then it can renew this motion as a motion for summary judgment under Rule 56.

---

[15] *Johnson v. SSR Group, Inc.*, 2016 WL 3669994 (N.D. Cal. 2016).

### III. Although it is premature for this Court to rule on the merits of the claims, it should be noted that the defense motion lacks any evidentiary support.

It should also be noted that Acevedo has reasons to contest and doubt the claims of accessibility raised in the motion. First, there is no admissible evidence whatsoever. There are no declarations, signed under penalty of perjury. The defense submits a CASp report but it is hearsay and not authenticated or attached to a declaration. Moreover, the entirety of the CASp report's findings are a single sentence and a single photo.[16] There, the CASp simply states: "All aisles were found to be compliant at 44" minimum where products are displayed at both sides and 36" minimum where products are displayed at one side."[17] How was this determined? What methodology was used? Who did the factual findings? There is no explanation at all.

This conclusory statement that all the aisles were found to be complaint is simply not admissible. Aside from the fact that it is not part of a declaration, it is also not admissible under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) because it does not "based on sufficient facts or data" and provides no insight into the principles and methods relied upon to reach the opinions. With respect to the "evidentiary relevance and reliability" of an expert's findings, the Supreme Court has stated that the "focus, of course, must be solely on principles and methodology,"[18] but here we have no description of the methodology.

---

[16] CASp Report (Docket Entry 19-1), ECF p. 8.
[17] CASp Report (Docket Entry 19-1), ECF p. 8.
[18] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 594–95, 113 S. Ct. 2786, 2797, 125 L. Ed. 2d 469 (1993).

Moreover, "[i]n the context of a motion for summary judgment or other pretrial dispositive motion, an expert must back up his opinion with specific facts."[19] Here, the CASp has not specified the facts or data for the facilities at issue. In fact, it seems that this CASp is not even applying the ADA Standards. The only "Code Citations" listed in his report are the California Building Code.[20]

The defense also submits eight photos.[21] No one authenticates these photos. There is no declaration to go along with these photos. It appears that the defense has chosen eight locations that it believes accessible and has submitted photos to prove its point. But plaintiff's FAC identified 14 locations and submitted 20 photographs depicting very narrow and inaccessible locations. The fact that the defense can cherry-pick eight locations and suggest they are accessible locations means little. This issue came up in *Kohler v. Islands Restaurants*.[22] There, Islands argued its parking was fixed and submitted a declaration and "photographs of a level with a digital slope display at various locations in Islands' disabled parking spaces" demonstrating a "slope not exceeding 2%."[23] But the court denied the motion, noting that Islands' evidence "merely demonstrates that *certain areas* within the parking spots are under a 2% grade" and that it does not demonstrate that, "the *entire* parking spot in question is below 2% grade."[24]

---

[19] *Guidroz-Brault v. Mo. Pac. R. Co.*, 254 F.3d 825, 831 (9th Cir. 2001).
[20] CASp Report (Docket Entry 19-1), ECF p. 8.
[21] Photos (Docket Entry 19-2).
[22] *Kohler v. Islands Restaurants, LP*, 956 F. Supp. 2d 1170 (S.D. Cal. 2013).
[23] *Kohler,* 956 F. Supp. 2d at 1173-74.
[24] *Kohler,* 956 F. Supp. 2d at 1174 (emphasis added).

### IV. Conclusion

Acevedo respectfully requests this Court deny the motion to dismiss. It is premature and unsupported.

Dated: September 28, 2020        CENTER FOR DISABILITY ACCESS

By: /s/ Russell Handy
Russell Handy, Esq.
Attorneys for Plaintiff